UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 14-61-HRW

SHENA VON PATRICK, PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits . The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 1, 2011, alleging disability beginning on December 6, 2010, due to "right shoulder problems, knots of fingers, problems with knees, problems with feet, back problems and stomach problems" (Tr. 180). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maria Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah SAlyers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 12-22).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.14).

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis, depression and degenerative disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-16).

The ALJ further found that Plaintiff could not return to her past relevant work of various capacities at a grocery store (Tr. 20) but determined that she has the residual functional capacity ("RFC") to perform medium work, as defined by 20 C.F.R. 404.1567 with the following

2

exceptions:

> [S]he remains able to occasionally push and pull with her legs and frequently stoop, kneel, crouch, crawl and reach overhead bilaterally. Additionally, she is able to bilaterally finger and handle frequently and occasionally climb ramps and stairs. Environmentally, she should avoid concentrated exposure to cold, wetness and vibrations. She should never climb ladders, ropes, and scaffolds and only occasionally perform foot control operations. Mentally, she is able to perform simple and detailed instructions. Socially, she should avoid more than occasional interaction with coworkers and supervisors, but she is unable to maintain social interactions with the public.

(Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 9] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in assessing her credibility; (2) the ALJ improperly discounted the opinions of her treating physician, Ira Potter, M.D.; and (3) the ALJ failed to consider her headaches and digestive problems when formulating her RFC.

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in assessing her credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

4

The record in this case shows that the A L J specifically cited to Plaintiff's statements concerning pain and other symptoms . The ALJ determined that these statements were not fully credible and cited to specific reasons in support of her determination. For example, the ALJ noted that Plaintiff engaged in a variety of daily activities (Tr. 18). The ALJ noted that Plaintiff stated she had severe limitations, and needed assistance, for example, preparing microwave meals (Tr. 18). However, Plaintiff admitted that she was still capable of doing laundry, washing dishes, sweeping, shopping, and attending church (Tr. 42, 212-14). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

The ALJ also also observed that the clinical findings were not indicative of severe limitations (Tr. 18). For instance, an examination showed that Plaintiff retained normal lower back strength, normal sensations, and normal reflexes, despite a general decrease in range of motion and a positive straight leg-raise test (Tr. 497; *see also* Tr. 18 (ALJ's discussion)). The MRI of Plaintiff's lower back showed only "mild" bulging discs without any herniation or significant narrowing of nerve passages (Tr. 499). The ALJ reasonably considered this evidence as one factor in weighing Plaintiff's credibility.

Finally, and perhaps most significantly, the ALJ the ALJ found that Plaintiff's treatment history was inconsistent with her claims of severe and debilitating pain (Tr. 18). Plaintiff claimed to have severe pain to Dr. Potter, as much as a 10 on a scale of zero to 10 (Tr. 552). She claimed before the ALJ to be unable to lift more than 10 pounds or walk for more than 10 minutes (Tr. 38-39). Yet the ALJ observed that her pain was "treated very conservatively with non-steroid anti-inflammatory medications, suggesting her condition was not as debilitating as she described" (Tr. 18). Plaintiff was

5

not referred to specialists, given pain medications, or given more intensive treatments (Tr. 18-19). Dr. Potter did not even prescribe an opioid or other strong pain medication (*e.g.*, Tr. 40, 554). In light of this evidence, the ALJ questioned Plaintiff's claims of severe pain and disability.

Given the lack objective evidence corroborating her allegations of disabling pain, the ALJ did not err in finding that Plaintiff lacked credibility.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinions of her treating physician, Ira Potter, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Potter opined that Plaintiff was severely limited by her osteoarthritis pain and was unable to complete a normal workday (Tr. 506-08). The ALJ found that Dr. Potter's opinions were not entitled to controlling weight and were instead deserving of only "little weight" (Tr. 19). Not only was his treatment of Plaintiff limited and conservative, a review of his treatment notes to do not paint the picture of a person incapable of performing any work activity. Moreover, the clinical findings in the record belie Dr. Potter's opinion of great limitation. This evidence confirmed Plaintiff had osteoarthritis in her joints and back, but MRIs and x-rays showed only mild to moderate degenerative changes, without evidence of nerve impingement in the back (Tr.

380, 397, 481-82, 499).

Based upon the record, the ALJ properly discounted Dr. Potter's assessment as it was inconsistent with other objective evidence of record and not well supported by medically acceptable clinical and laboratory diagnostic techniques.

Finally, Plaintiff contends the ALJ failed to consider her headaches and digestive problems when formulating her RFC, thereby rendering the RFC inaccurate. While the ALJ did not discuss either of these conditions, Plaintiff does not point to any evidence establishing that either headaches or digestive problems caused any specific limitations on her ability to work. Plaintiff's argument on this point departs from the opinions of her own treating physician, Dr. Potter, on whom she otherwise relies. When Dr. Potter completed his report for Plaintiff's disability claim, he only ascribed Plaintiff's limitations to her joint and back pain from osteoarthritis (Tr. 506-08). He did not state that any limitations were due to her headaches or digestive problems.

Moreover, the record contains scant reports regarding either headaches or digestive issues, none of which establish disabling limitation.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2015.

7



Henry R. Wilhoit, Jr., Senior Judge